**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| J.D. LEONARD, | |
| Plaintiff, | Civil Action No. 17-9480 (ES) (MAH) |
| v. | MEMORANDUM OPINION |
| JOSEPH LEONARD, JR., *a/k/a* JOSEPH SMITH, | |
| Defendant. | |

**SALAS, DISTRICT JUDGE**

Pending before the Court is Plaintiff's application under 28 U.S.C. § 1915 to proceed *in forma pauperis*. (D.E. No. 1-3). Having reviewed Plaintiff's application and having found that Plaintiff has demonstrated an inability to pay the required fees or give security thereof, the Court grants Plaintiff's application. The Court dismisses, however, Plaintiff's Complaint (D.E. No. 1 ("Compl.")) *without prejudice* for lack of subject matter jurisdiction.

"[B]ecause subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt." *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76-77 (3d Cir. 2003). "A necessary corollary is that the court can raise *sua sponte* subject-matter jurisdiction concerns." *Id.* at 77. In fact, "subject matter delineations must be policed by the courts on their own initiative." *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Here, Plaintiff's basis for subject matter jurisdiction appears to be federal question under 28 U.S.C. § 1331.[1] Plaintiff's Complaint states the following:

> The Jurisdiction of this Court is evoked under 42 U.S.C. § 1983, the Jurisdiction is further evoked pursuant to my the [sic] U.S. Constitution, 14th Amendment and New Jersey 1947 Constitution, and New Jersey Notaries Public Act of 1979 and Federal the [sic] Probate Exception to Federal Jurisdiction, I am further evoking 42 U.S.C. 1986.
>
> I am asserting Intestate Succession Rule in New Jersey, consistent with my Property Rights and Due Process, Tort of interference with . . . inheritance, *Marshall v. Marshall*, 547 U.S. 293 (2006).

(Compl. at 1) (ellipsis in original). Plaintiff's Complaint names a single defendant: "Joseph Leonard, Jr. A.K.A.-Joseph Smith" ("Defendant Leonard"). (*See id.*). Although the Complaint's caption includes "et al." after Defendant Leonard's name, Plaintiff does not identify any other defendants in his Complaint. Indeed, Plaintiff requested a summons only for Defendant Leonard. (*See* D.E. No. 1-2).

Plaintiff's action does not appear to arise under "the Constitution, laws, or treaties of the United States" for purposes of federal-question jurisdiction. *See* 28 U.S.C. § 1331. Plaintiff's claims under the Fourteenth Amendment and 42 U.S.C. § 1983 fail as alleged because they are asserted only against a private actor. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'") (internal citations omitted).

Plaintiff's claim under 42 U.S.C. § 1986 also fails as alleged. Under § 1986, a "plaintiff may assert a distinct action against a defendant who knew of a § 1985 conspiracy, had the power

---

[1] Plaintiff's Complaint neither refers to nor confers diversity jurisdiction under 28 U.S.C. § 1332(a). (*See generally* Compl.). For example, Plaintiff and Defendant Leonard both appear to be citizens of New Jersey (*see* D.E. No. 1-2 & 1-5), and Plaintiff does not appear to allege that this "controversy exceeds the sum or value of $75,000." *See* 28 U.S.C. § 1332(a).

to prevent it, and failed to do so." *Brown v. Ruth*, No. 15-1764, 2017 WL 5053921, at *2 (D.N.J. Nov. 2, 2017). To state a claim under § 1986, a plaintiff "must show the existence of a § 1985 conspiracy." *Clark v. Clabaugh*, 20 F.3d 1290, 1295 n.5 (3d Cir. 1994). And to show the existence of a § 1985 conspiracy, "the plaintiff must show that [the conspiracy] was motivated by discriminatory animus as to race, gender, or some other class." *Brown*, 2017 WL 5053921, at *2 (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)). Here, to the extent Plaintiff can even state a claim under § 1986 against Defendant Leonard, Plaintiff does not allege a conspiracy motivated by discriminatory animus as to race, gender, or some other class.

Plaintiff also seems to rely on the probate exception to federal jurisdiction as a basis for this Court's subject matter jurisdiction. (*See* Compl. at 1). The probate exception "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Marshall v. Marshall*, 547 U.S. 293, 311-312 (2006). Thus, the probate exception does not serve as an independent basis for federal jurisdiction; rather, it "precludes" federal jurisdiction in certain specific circumstances "involve[ing] the administration of an estate, the probate of a will, or any other purely probate matter." *Id.* at 312. But the Court declines to find, at this time, that Plaintiff's action is barred by the probate exception because Plaintiff's Second Count appears to advance "a widely recognized tort" outside the confines of the exception. (*See* Compl., Second Count); *see id.* at 312 (citing 4 Restatement (Second) of Torts § 774B (1979)) ("One who by fraud, duress or other tortious means intentionally prevents another from receiving from a third person an inheritance or gift that he would otherwise have received is subject to liability to the other for loss of the inheritance or gift.") (alteration omitted).

Accordingly, the Court must dismiss the Complaint for lack of subject matter jurisdiction. An appropriate Order accompanies this Memorandum Opinion.

>*s/Esther Salas*
>**Esther Salas, U.S.D.J.**